IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBERTO J. ESPINOZA,<br>*Plaintiff*, | § § § | |
| V. | § § | SA-19-CV-01363-XR |
| MICHAEL POMPEO, SECRETARY, U.S. DEPARTMENT OF STATE, IN HIS OFFICIAL CAPACITY, AND U.S. DEPARTMENT OF STATE,<br>*Defendants*. | § § § § § | |

**ORDER**

On this date, the Court considered Defendant's Partial Motion to Dismiss (ECF No. 14), Plaintiff's Response (ECF No. 21), and Defendant's Reply (ECF No. 22). Defendant does not contest that Plaintiff has properly raised a claim under 8 U.S.C. § 1503(a). But Defendant requests dismissal under Rule 12(b)(1) of Plaintiff's constitutional and any other non-statutory claim for lack of subject matter jurisdiction, or in the alternative dismissal under Rule 12(b)(6) because Plaintiff fails to state a claim under the Citizenship Clause. For the reasons stated herein, the Court will **GRANT** the motion.

**BACKGROUND**

Plaintiff Roberto J. Espinoza ("Plaintiff") brings this suit based on the U.S. Department of State's denial of his application for a U.S. passport. Plaintiff, a resident of San Antonio, Texas, alleges that he was born on October 3, 1970 in Eagle Pass, Texas. Plaintiff's mother, Dora Elia Garcia ("Ms. Garcia") was a Mexican citizen who lived in Mexico in October 1970. Ms. Garcia gave birth to Plaintiff in the private home of a midwife, Hortencia Crosby ("Ms. Crosby") located in Eagle Pass. Ms. Crosby kept handwritten ledgers noting the children born in her house, which

include Plaintiff's name.[1]  Plaintiff's birth was registered in Eagle Pass, Maverick County, Texas on October 20, 1970.  Without Ms. Garcia or Plaintiff's knowledge, Plaintiff's paternal grandmother, Maria Oralia Garza ("Ms. Garza"), also registered Plaintiff's birth in Piedras Negras, Coahuila, Mexico on October 6, 1970.  On August 8, 1971, Plaintiff was baptized in Mexico, and his parents reported to the Catholic Parish of San Juan de Mata that his place of birth was Eagle Pass, Texas.

On March 12, 2014, Plaintiff applied for a U.S. passport and submitted his Texas birth certificate as proof of birth in the United States.  On November 25, 2014, the U.S. Department of State denied his application.

In 2016, Plaintiff requested a certified copy of his Texas birth certificate from the Texas State Registrar ("the Registrar").  The Registrar initially denied Plaintiff's request because of the existence of his Mexican birth certificate, but Plaintiff successfully appealed to the Texas Department of Health ("TDH").  After hearing testimony and reviewing evidence, an administrative judge found Plaintiff had established he was born in Eagle Pass, Texas,[2] and TDH ordered the release of his birth certificate without any notations or addendums on November 6, 2017.

On November 15, 2017, Plaintiff again applied for a U.S. passport.  The U.S. Department of State again denied his request on February 21, 2019.  On April 22, 2019, Plaintiff requested re-adjudication of his application, which the U.S. Department of State also denied on September 9, 2019.

---

[1] Ms. Crosby died on October 1, 2005 and her ledgers were among the belongings she left with her executor.
[2] Plaintiff alleges that after hearing testimony and reviewing the evidence, the administrative judge "was convinced that the Texas birth certificate should be accorded greater weight because it was signed by both Plaintiff's mother and the midwife and both had personal knowledge of Plaintiff's birth.  On the other hand, a person with no personal knowledge of Plaintiff's birth registered his birth in Mexico.  Other evidence supported the contention that Plaintiff was born in Texas." ECF No. 12 ¶¶ 15–16.

According to Plaintiff, he satisfies all the requirements for U.S. citizenship and issuance of a U.S. passport. He brings suit against Defendants for (1) denial of rights and privileges as a national pursuant to 8 U.S.C. § 1503(a) and (2) violation of the Citizenship Clause of the Fourteenth Amendment of the U.S. Constitution. Defendant moves to partially dismiss Plaintiff's claims. Defendant Secretary Pompeo does not contest that Plaintiff has properly raised a claim under 8 U.S.C. § 1503(a). But Secretary Pompeo requests dismissal under Rule 12(b)(1) of Plaintiff's constitutional and any other non-statutory claim for lack of subject matter jurisdiction, or in the alternative dismissal under Rule 12(b)(6) because Plaintiff fails to state a claim under the Citizenship Clause. Because Secretary Pompeo argues only the Section 1503 claim should survive, he also requests dismissal of the U.S. Department of State as a defendant and argues that he is the only proper defendant.

## DISCUSSION

### I. Legal Standards

    a. Rule 12(b)(1)

A party may move for dismissal of a claim where the plaintiff fails to establish subject-matter jurisdiction. FED. R. CIV. P. 12(b)(1). "It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). A case is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). The burden of establishing federal jurisdiction rests on the party seeking the federal forum. *Stockman*, 138 F.3d at 151.

    b. Rule 12(b)(6)

A party may move for dismissal of a claim where the plaintiff fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, a court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570)).

**II.     Analysis**

   a. <u>The claims at issue</u>

Secretary Pompeo moves to dismiss several claims under Rule 12(b)(1), including (a) Plaintiff's "independent claim under the Declaratory Judgment Act," (b) any purported Administrative Procedure Act ("APA") claims, (c) Plaintiff's constitutional claim. However, Plaintiff's complaint clearly brings only two claims: one pursuant to 8 U.S.C. § 1503(a) and another under the Fourteenth Amendment of the U.S. Constitution—the only claim at issue here. *See* ECF No. 12.

Contrary to Secretary Pompeo's arguments, Plaintiff does not bring an "independent claim under the Declaratory Judgment Act" by citing to 28 U.S.C. § 2201 in his introductory paragraph. Rather, as Secretary Pompeo acknowledges, Section 2201 provides the remedy for a Section 1503(a) action. *See* ECF No. 14 at 3; 8 U.S.C. § 1503(a) (allowing any person denied a right or

privilege as a national of the United States to "institute an action under the provisions of section 2201 of Title 28"). Secretary Pompeo does not seek dismissal of Plaintiff's Section 1503(a) claim, and therefore Plaintiff will be allowed to seek a declaration under the provisions of 28 U.S.C. § 2201 as provided for by Section 1503(a).

Similarly, Plaintiff does not bring any claim under the APA. Plaintiff admits as much in his response to Secretary Pompeo's motion. *See* ECF No. 21 at 14 ("[Plaintiff] seeks review under 28 U.S.C. § 1331 for violation of his constitutional rights and does not seek review under the general provisions of the APA.") Rather, Plaintiff cites only to the APA as the basis for the government's waiver of sovereign immunity for his constitutional claim. To the extent Plaintiff's complaint stated it was seeking relief under the APA, *see* ECF No. 12 ¶ 1, Plaintiff has abandoned that claim at the motion to dismiss phase.

Therefore, the Court need only consider whether dismissal of Plaintiff's constitutional claim is warranted.

    b. Plaintiff's constitutional claim

Plaintiff brings his constitutional claim under the Fourteenth Amendment, pleading that:

> The Citizenship Clause of the Fourteenth Amendment to the U.S. Constitution provides that all persons born in the United States and subject to the jurisdiction of the country are United States citizens. The right to United States citizenship includes, among other things, the right to issuance of a United States passport that permits persons to travel internationally.
>
> Although [Plaintiff] was born in the United States, Defendants wrongfully concluded that he is not a United States citizen and denied him a United States passport. Such denial violates [Plaintiff's] rights under the Citizenship Clause of the Fourteenth Amendment.

ECF No. 12 ¶¶ 29–30. Secretary Pompeo argues this claim should be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction because Plaintiff has failed to demonstrate waiver of sovereign immunity. Alternatively, Secretary Pompeo seeks dismissal under Rule 12(b)(6) for

failure to state a claim.  When a motion to dismiss is premised on both lack of jurisdiction under Rule 12(b)(1) and failure to state a claim under Rule 12(b)(6), "the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits" in order to prevent "a court without jurisdiction from prematurely dismissing a case with prejudice." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  The Court will therefore consider the arguments under Rule 12(b)(1) first.

> i. *Plaintiff has established jurisdiction under 28 U.S.C. § 1331.*

First, Secretary Pompeo argues that the Court lacks jurisdiction under 28 U.S.C. § 1331 to review Plaintiff's constitutional claim because such jurisdiction is "unavailable…where Congress has created a specific, statutorily-defined scheme (like § 1503) that clearly supplants the general jurisdictional statute." ECF No. 14 at 4–5 (citing *Ceres Gulf v. Cooper*, 957 F.2d 1199, 1208 (5th Cir. 1992)).  This argument is unavailing.

Secretary Pompeo claims that "Congress intended [8 U.S.C.] § 1503(a) to provide an adequate remedy for Plaintiff's passport claim, and it is, therefore, the only proper basis for jurisdiction in this case."  ECF No. 14 at 3.  Section 1503(a) provides that "any person who…claims a right or privilege as a national of the United States and is denied such right or privilege…upon the ground that he is not a national…may institute an action" for a declaration that he is a national.  8 U.S.C. § 1503(a).

Section 1331 gives federal district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  As the U.S. Supreme Court has recognized, "[t]his jurisdictional grant provides not only the authority to decide whether a cause of action is stated by a plaintiff's claim that he has been injured by a violation of the Constitution…but also the authority to choose among available judicial remedies in order to

vindicate constitutional rights." *Bush v. Lucas*, 462 U.S. 367, 374, n.12 (1983) (collecting cases where the U.S. Supreme Court has fashioned non-statutory remedies for violations of the Constitution). If a court is to "deny any judicial forum for a colorable constitutional claim," there must be a "heightened showing" that Congress intended to preclude judicial review of constitutional claims, and that "intent to do so must be clear." *Webster v. Doe*, 486 U.S. 592, 603 (1988).

The Court agrees with Plaintiff that such a showing of intent to preclude judicial review has not been made here. Secretary Pompeo points to no case law holding that Section 1503(a) precludes judicial review of Citizenship Clause claims. The text, structure, and purpose of Section 1503(a) do not evince an intent to preclude judicial review of such constitutional claims. *See Rusk v. Cort*, 369 U.S. 367, 379 (1962) (holding, based on the text and legislative history of Section 1503, that subsections (b) and (c) were not the exclusive remedy for a person denied a right of citizenship), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977). Here, Plaintiff claims that Defendants' denial of his U.S. passport application violated the Citizenship Clause of the Fourteenth Amendment of the U.S. Constitution. Plaintiff's claim of a constitutional violation is sufficient to support jurisdiction pursuant to 28 U.S.C. § 1331.

> ii. *Plaintiff has established waiver of sovereign immunity under 5 U.S.C. § 702, but his claim fails under 5 U.S.C. § 704.*

Secretary Pompeo also argues that this Court lacks subject matter jurisdiction because Plaintiff has failed to demonstrate the government's waiver of sovereign immunity. ECF No. 14 at 5. The United States and its agencies enjoy sovereign immunity from suit, and that immunity can only be waived by Congress. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *Rothe Dev. Corp. v. U.S. Dep't of Def.*, 194 F.3d 622, 624 (5th Cir. 1999). Sovereign immunity is jurisdictional in

nature, and the presence of federal question jurisdiction alone is not sufficient to demonstrate waiver. *Meyer*, 510 U.S. at 475; *Humphreys v. United States*, 62 F.3d 667, 673 (5th Cir. 1995).

Here, Plaintiff acknowledges that Section 1331 does not contain a waiver of sovereign immunity, and instead claims that the waiver of sovereign immunity for Plaintiff's constitutional claim is found in the APA. *See* ECF No. 21 at 6 (citing 5 U.S.C. § 702). Section 702 provides:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States.

5 U.S.C. § 702. Congress amended Section 702 in 1976, providing the current waiver of sovereign immunity, in order "to broaden the avenues for judicial review of agency action by eliminating the defense of sovereign immunity in cases covered by the amendment." *Bowen v. Massachusetts*, 487 U.S. 879, 891–92 (1988). The waiver found in Section 702 applies even to non-APA claims—that is, where judicial review of agency action is sought entirely separate of the APA. *Alabama-Coushatta Tribe of Texas v. United States*, 757 F.3d 484, 489 (5th Cir. 2014) ("Section 702 also waives immunity for claims…when judicial review is sought pursuant to a statutory or non-statutory cause of action that arises completely apart from the general provisions of the APA.")

In reply, Secretary Pompeo appears to concede that Section 702 waives sovereign immunity for Plaintiff's constitutional claim. Instead, he asserts a new argument that Section 704 presents a separate jurisdictional bar to Plaintiff's non-APA constitutional claim. Although the Court typically does not consider arguments raised for the first time in a reply brief, the issue of

subject matter jurisdiction is never waived, so the Court must analyze whether Section 704 bars Plaintiff's constitutional claim. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

While Section 702 of the APA grants the broad waiver of sovereign immunity discussed above, Section 704 limits the types of actions that are reviewable to "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. According to Secretary Pompeo, because Section 1503(a) provides an "adequate remedy" for review of the denial of Plaintiff's passport application, Plaintiff's constitutional claim is barred by Section 704.

Plaintiff argues that Section 704's limitations do not apply to constitutional claims such as his, but only to cases "where review is sought pursuant only to the general provisions of the APA." ECF No. 21 at 13 (citing *Alabama-Coushatta*, 757 F.3d at 489). Plaintiff is correct that other courts have ruled that Section 704's jurisdictional bars of "finality" and "no other adequate remedy" should not apply to non-APA claims such as his. *See* ECF No. 21 at 10 ("[Section] 704 is a limitation only for actions where review is sought directly under the APA") (collecting cases from the courts of appeals for the Third, Sixth, Seventh, Eighth, Ninth, D.C., and Federal circuits); *see, e.g.*, *Perry Capital LLC ex. rel. Inv. Funds v. Mnuchin*, 864 F.3d 591, 620-21 (D.C. Cir. 2017) (concluding that "the finality requirement and adequate remedy bar of § 704 determine whether there is a cause of action under the APA, not whether there is federal subject matter jurisdiction… Reading § 704 to limit only the cause of action that may be brought under the APA and not the grant of immunity in § 702 is in line with our new understanding of § 704 as narrowly focused upon the requirements for the APA cause of action.").

However, Secretary Pompeo is correct that the Fifth Circuit has not limited Section 704 to APA claims. *See Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994) (holding Section

9

704 limited jurisdiction for judicial review of non-statutory claims); *Taylor-Callahan-Coleman Ctys. Dist. Adult Prob. Dep't v. Dole*, 948 F.2d 953, 956 (5th Cir. 1991) (holding there was no jurisdiction because Section 704 precluded judicial review of both APA and First Amendment claims where agency action was not final and plaintiff was "not without adequate remedy").

Judge Pulliam recently analyzed this issue in great detail under facts nearly identical to this case. *See Cambranis v. Pompeo*, No. 5:19-CV-0238-JKP, 2020 WL 1447380, at *1 (W.D. Tex. Mar. 24, 2020). In *Cambranis*, a plaintiff whose passport application was denied on the basis of the U.S. Department of State's determination that he was not a U.S. national brought claims under 8 U.S.C. § 1503(a), the APA, and the Fifth Amendment of the U.S. Constitution. *Id.* Defendants moved to dismiss on similar grounds. *Id.* Judge Pulliam agreed with the plaintiff that Section 702 provided a waiver of sovereign immunity for his constitutional claims. *Id.* at *10. However, he reasoned that Section 702's "waiver is insufficient to bestow jurisdiction when § 704 has taken it away." *Id.* Judge Pulliam concluded that "under the current state of the law in the Fifth Circuit, Plaintiff has no jurisdictional path to pursue his non-statutory, constitutional claim through § 1331 via any § 702 waiver of sovereign immunity." *Id.* at *11 (relying on *Veldhoen*, 35 F.3d at 225 and *Taylor-Callahan-Coleman*, 948 F.2d at 956).

This Court will similarly follow Fifth Circuit precedent which has applied Section 704 as a jurisdictional bar to non-APA claims, and apply those same requirements to Plaintiff's Citizenship Clause claim. Here, Plaintiff seeks review of Defendants' action in denying his passport application as a violation of the Fourteenth Amendment. This is not final agency action "for which there is no other adequate remedy in a court" because Section 1503(a) provides an adequate remedy for a person claiming a right or privilege as a national of the United States to seek a declaration in federal court that he is a national. Plaintiff here in fact brings his claim under

Section 1503(a) seeking that exact declaration. There is thus no need for Plaintiff to bring a separate constitutional claim. Because Plaintiff's constitutional claim does not meet the requirements of Section 704, there is no jurisdiction for this Court to review that claim and it must be dismissed.

> iii. *The Court will not decide whether Plaintiff fails to state a Citizenship Clause claim.*

Because this Court lacks jurisdiction over Plaintiff's constitutional claim, Defendant's motion to dismiss on the basis of Plaintiff's failure to state a claim is dismissed as moot.

c. <u>Plaintiff's claims against U.S. Department of State</u>

Because the Court agrees with Secretary Pompeo that Plaintiff's non-statutory claims should be dismissed, only Plaintiff's claim under 8 U.S.C. § 1503(a) remains. Section 1503(a) allows Plaintiff to bring an action for a declaratory judgment "<u>against the head of such department</u> or independent agency" which has denied a right or privilege on the ground that he is not a U.S. national. 8 U.S.C. § 1503(a) (emphasis added). Accordingly, the only proper defendant is Secretary Pompeo, the head of the U.S. Department of State. *See Garcia v. Limon*, No. 1:19-CV-120, 2019 WL 7494398, at *6 (S.D. Tex. Nov. 4, 2019), *report and recommendation adopted*, No. 1:19-CV-120, 2020 WL 76248 (S.D. Tex. Jan. 7, 2020) (dismissing all defendants besides Secretary Pompeo under Rule 12(b)(1) for lack of subject matter jurisdiction). Therefore, Plaintiff's claims against the U.S. Department of State are **DISMISSED**.

## CONCLUSION

For the reasons stated herein, Secretary Pompeo's Partial Motion to Dismiss (ECF No. 14) is **GRANTED**. Plaintiff's claim under the Citizenship Clause of the Fourteenth Amendment is **DISMISSED** for lack of jurisdiction. The U.S. Department of State is **DISMISSED** as a

defendant. Plaintiff's claim pursuant to 8 U.S.C. § 1503(a) against Secretary Pompeo remains. Defendant's previously filed Motion to Dismiss (ECF No. 8) is **DISMISSED** as duplicative.

It is so **ORDERED**.

**SIGNED** this 22nd day of April, 2020.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE